UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
COURT FILE NO.: CV-

| | |
|---|---|
| **PASQUALE LONGORDO,**<br><br>    Plaintiff,<br> v.<br><br>**NCO FINANCIAL SYSTEMS INC.**<br>    Defendant.<br><br>REX C. ANDERSON (P47068)<br>Rex Anderson, PC<br>Attorney for Plaintiff<br>9459 Lapeer Road, Suite 101<br>Davison, MI 48423<br>(810) 653-3300<br>mied@rexandersonpc.com | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k (d) and Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. This Court may assert supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 arising out of the same nucleus of operative facts.

3. This action arises out of Defendants' violations of the FDCPA, the TCPA, the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Regulation of Collections Practice Act, ("MRCPA") MCL 445.251 et seq.

4. Venue is proper in this District because the acts and transactions occurred here, Mr. Longordo resides here, and Defendants transact business here.

## PARTIES

5. Plaintiff, PASQUALE LONGORDO, is a natural person who resides in the County of Oakland, State of Michigan, and is protected under the FDCPA from harassment, oppression and abuse in

connection with the collection of a debt as referenced by 15 U.S.C. § 1692d.

6. Defendant, **NCO FINANCIAL SYSTEMS INC.,** hereinafter "NCO", is, based upon information and belief, is a corporation and collection agency doing business as and operating under multiple assumed names from an address of 507 Prudential Road, Horsham, PA 19044 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. On or about November 5, 2010, the Defendant, NCO, by and through its employee collectors, commenced calling Plaintiff in attempts to collect a debt.

8. On or about November 6, 2010, the Plaintiff, LONGORDO, mailed a cease and desist letter to Defendant, NCO, to stop calling him.

9. NCO continued calling LONGORDO after receipt of Plaintiff's cease and desist letter.

10. NCO's last call was on or about October 23, 2013.

11. Based upon information and belief, NCO, made numerous automated calls to the Plaintiff, LONGORDO's cell phone numbers, 248-840-12** and/or (248) 971-06**, in violation of the TCPA's prohibitions on automated calls to cell phones. 47 U.S.C. 227(b).

12. Based upon information and belief, NCO, made numerous calls that were abandoned to the Plaintiff, LONGORDO's cell phone, 248-840-12** and/or (248) 971-06**, in violation of the TCPA's prohibitions on automated calls to cell phones. 47 U.S.C. 227(b).

13. On information and belief, Defendant, NCO, used an Automated Telephone Dialing System ("ATDS") which had the capability to store and dial telephone numbers in a random or sequential order without human intervention.

14. Defendant, NCO, used prerecorded and artificial messages when placing calls to Plaintiff with its ATDS.

15. Plaintiff believes defendant's calls were placed to his cell phone with the use of an Automated Telephone Dialing System (ATDS), because defendant left artificial and pre-recorded voice

messages with a high percent of those calls which Plaintiff answered, being abandoned.

16. On these calls Plaintiff heard clicking noises, dead air and experienced delays on his cell phone during the transference of these calls to live collectors.

17. NCO contacted LONGORDO repeatedly and continuously, and on many occasions sometimes multiple times in a day, even after LONGORDO requested NCO to stop calling.

18. Defendant also failed to report the debt as disputed when reporting the alleged delinquency to the credit reporting agencies.

*Respondent Superior Liability*

19. The acts and omissions of Defendants and the individual debt collectors employed as agents by NCO, who communicated with Plaintiff as described herein, were committed within the time and scope limits of their agency relationship with their principal, Defendant.

20. The acts and omissions by NCO agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by NCO in collecting consumer debts.

21. By committing these acts and omissions against Mr. Longordo, NCO agents were motivated to benefit their principal, NCO.

22. NCO is therefore liable to Mr. Longordo through the Doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, TCPA, MOC or alternatively MRCPA, in their attempts to collect this debt from Mr. Longordo.

## JURY DEMAND

23. Mr. Longordo is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## COUNT I

### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 et Seq.

24. Mr. Longordo incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The allegations stated in this complaint constitute collection communications in violation of multiple provisions of the FDCPA, including but not limited to:

 a. § 1692c(c) After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication.

 b. § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person; and

 c. § 1692d(5). Caused the phone to ring or engaged any person in telephone conversations repeatedly;

 d. § 1692e(8), Threatens or communicates false credit information, including the failure to communicate that a debt is disputed.

26. As a result of NCO's violations of the FDCPA, Mr. Longordo is entitled to statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227

27. Mr. Longordo incorporates all of the above paragraphs by reference.

28. On information and belief, on multiple occasions, NCO "willfully" violated the TCPA by using an ATDS to contact Plaintiff on Plaintiff's cell phone without Plaintiff's consent and continued robo-dialing Plaintiff after Plaintiff disputed the debt and sent Defendant a cease and desist letter.

29. On multiple occasions, NCO "willfully" violated the TCPA by using an ATDS to call Plaintiff and used prerecorded and/or artificial voice messages to communicate with Plaintiff on his cell

phone, despite Plaintiff's repeated requests that Defendant stop.

30. Defendant violated the provisions of the TCPA, 47 U.S.C. § 227.

31. As a result of these violations of the TCPA, Plaintiff is entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; and treble damages ($1,500 per violation) 47 U.S.C. §427(b)(3).

## COUNT III

### Violations of the Michigan Occupational Code

32. Plaintiff incorporates all of the above paragraphs by reference.

33. NCO is a "collection agency" as that term is defined in the Michigan Occupation Code ("MOC"), M.C.L. § 339.901(b).

34. Plaintiff is a consumer as defined by the MOC and is a person whom the act was intended to protect. M.C.L. § 339.901(f).

35. NCO has violated the following provisions of the MOC: M.C.L. § 339.915(n) by engaging in repeated calls to Plaintiff after Plaintiff told NCO to stop calling.

36. The natural consequence of such repeated calling to a person who does not wish to be bothered and who has disputed owing this debt, is to harass the target of those calls.

37. NCO's continued calls to Plaintiff after receiving notice of Plaintiff's dispute and requests that NCO stop calling him establishes that NCO failed to implement a procedure designed to prevent a violation by its employees; in violation of M.C.L. § 339.915(q).

38. NCO's foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Michigan Occupation Code.

39. Plaintiff has suffered damages as a result of these violations of the Michigan Occupation Code.

40. These violations of the Michigan Occupation Code were willful.

## COUNT IV

### Violations of the Michigan Regulation of Collection Practices Act

41. Plaintiff incorporates the preceding allegations by reference.

42. Defendant NCO and its employees/agents are "regulated persons" as defined by MCL 445.251(g)(xi) in the Michigan Regulations of Collections Practices Act ("MRCPA") MCL 445.251, et seq.

43. Plaintiff is a person whom the act was intended protect, MCL 445.251(d).

44. Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Michigan Regulation of Collections Practices Act.

45. Plaintiff has suffered damages as a result of these willful violations of the Michigan Regulations of Collections Practices Act.

46. These violations of the Michigan Regulation of Collections Practices Act were willful.

## DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I

### Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

### COUNT II

### Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227et seq.

- for an award of statutory damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for Plaintiff;

- for an award of treble damages pursuant to 47 U.S.C. §227(b)(3);

### COUNT III

**Violations of the Michigan Occupational Code as Alternative to Claims under the Michigan Regulations of Collection Practices Act**

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper;

### COUNT IV

**Violations of the Michigan Regulation of Collection Practices Act (as Alternative to Claims under the Michigan Occupational Code)**

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Regulation of Collectios Practices Act violations in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

*Accordingly, Mr. Longordo requests that the Court:*

a.  Grant statutory damages.

b.  Grant damages pursuant to the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Collection Practice Act, ("MCPA") MCL 445.251 et seq,

c.  Award costs and attorney fees.

Dated: January 27, 2014                              Respectfully submitted,

REX ANDERSON, PC

          */s/ Rex C. Anderson*
Rex C. Anderson, Attorney for Plaintiff
9459 Lapeer Rd. Ste. 101
Davison MI 48423
(810) 653-3300
mied@rexandersonpc.com
rex@rexandersonpc.net
(P47068)